# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN A. LENGEN, | ) | CASE NO.  1:09CV00206; |
| | ) | 1:04CR00069 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| UNITED STATE S OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the *pro se* motion of Petitioner Stephen A. Lengen (Petitioner or Lengen) to vacate, correct, or set aside his sentence, pursuant to 28 U.S.C. § 2255.[1] (Case No. 1:09CV00206, Doc. No. 1; Case No. 1:04CR0069, Doc. No. 112.) The matter is fully briefed and ripe for decision.

## I.        Background

Petitioner was indicted by a federal grand jury on June 30, 2005 charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count 3). Petitioner pled not guilty to all three counts.

---

[1] Petitioner was originally represented by attorney James Kersey through trial and sentencing; followed by attorney Paul Mancino, Jr. through appeal and post conviction proceedings, including the filing of his § 2255 motion. Mr. Mancino's representation was terminated on Sept. 30, 2005.

Following a jury trial, on September 26, 2005, Petitioner was sentenced to 151 months incarceration on Counts 1 and 2, to run concurrent with each other; and 60 months incarceration on Count 3, to run consecutively, for a total of 211 months.[2]

Petitioner filed a direct appeal from his convictions and sentence to the United States Court of Appeals for the Sixth Circuit on October 7, 2005 for which the judgment was affirmed on June 18, 2007. Thereafter, Petitioner filed a petition for writ of certiorari, which was denied on March 31, 2008. On January 29, 2009, Petitioner filed a timely motion to vacate or correct his sentence challenging his convictions and sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that the facts of the case do not support his conviction and asserts that he was left with insurmountable plain error review on appeal due to ineffective assistance of trial counsel. The Court disagrees, and, for the reasons that follow, **DENIES** Petitioner's motion.

## II. Standard

Petitioner's motion to vacate or correct his sentence is brought under 28 U.S.C. § 2255(a), which provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[2] The underlying criminal action, Case No. 1:04CR00069, was assigned to the docket of the Honorable Kathleen O'Malley. The criminal matter, along with the present civil action, was reassigned to the docket of the undersigned on January 19, 2011.

A federal prisoner may make a § 2255 motion to vacate, set aside, or correct his judgment of conviction or sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.

To warrant relief under § 2255 based on an alleged constitutional error, Petitioner bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 513 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Circ. 2005); *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

For relief under § 2255 based on an alleged non-constitutional error, Petitioner bears the burden of establishing that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson,* 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 612 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Timmreck* 441 U.S. 780, 784 (1979); *Regaldo v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir.

1984).

Further, Petitioner cannot use a § 2255 motion to relitigate the same issues that were presented and decided in his direct appeal in *United States v. Lengen*, 245 Fed. Appx. 426, (6th Cir. 2007), *cert. denied,* 552 U.S. 1305 (2008), absent exceptional circumstances. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996).

Generally, an evidentiary hearing is required unless the record conclusively shows that the petitioner is not entitled to relief. In other words, an evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007); *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

**III. Discussion**

In his petition for relief under § 2255, Petitioner argues that he was prejudiced as a result of:

1.    an unsupported nexus between the firearms and drugs;

2.    an unconstitutional arrest and subsequent search;

3.    false information made by a confidential informant;

4.    use of evidence gained pursuant to an unconstitutional search and  seizure;

5.    an unfair trial;

6.    ineffective assistance of counsel; and

7.    an intervening change in law.

Petitioner has already litigated the soundness of the first five claims on direct appeal before the Sixth Circuit, which determined that there were no merits to any of these claims and affirmed the trial court's findings.

Here, filing a notice of direct appeal deprives this Court of jurisdiction to hear a §2255 claim except in "extraordinary circumstances." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). Given that Petitioner has not presented the Court with extraordinary circumstances to distinguish claims 1-5 from those previously brought before the Sixth Circuit on direct appeal, this Court is without jurisdiction to re-examine these claims. In light of the preceding, this Court will review Petitioner's claims of ineffective assistance of counsel and of an intervening change in law.

**A.    Ineffective Counsel Claim**

The Sixth Circuit has explicitly recognized that a § 2255 motion is the proper vehicle for raising an ineffective counsel claim and that it would not entertain such a claim in a direct appeal, thus Petitioner has properly brought this claim before this Court. *Singleton v. United States*, No. 93-4253, 1994 WL 464245, at *1 (6th Cir. Aug. 26, 1994) (citing *United States v. Carr,* 5 F.3d 986, 993 (6th Cir. 1993)). *See also Massaro v. United States*, 538 U.S. 500 (2003) (Supreme Court holding that a § 2255 motion is preferable to a direct appeal for deciding an ineffective-assistance claim).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." A defendant has a Sixth Amendment right not just to counsel, but to

5

"reasonably effective assistance" of counsel. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Here, a defendant seeking to establish ineffective assistance of counsel must satisfy the Supreme Court's two-pronged *Strickland* test:

> First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id*. at 687.

The defendant must make both showings or, "it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

In examining the first prong of the *Strickland* test, the proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. Here, the defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The evaluation of the objective reasonableness of counsel's performance must be made from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689. Further, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

In considering the second prong of the *Strickland* test, defendant must show that counsel's deficient performance prejudiced the defense. Here, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment

of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

> **a.** **Petitioner's Motion Fails Both Prongs of *Strickland***

Petitioner's motion fails both prongs of *Strickland*, offering only conclusory assertions. Petitioner asserts that his trial counsel "failed to raise proper objections, introduce proper evidence and make proper argument which resulted in [P]etitioner being deprived of effective assistance of counsel." (Motion at 4, Doc. No. 112.)

In reviewing a § 2255 motion, the motion "must set forth facts which entitle him to relief." *Brannon v. United States*, No. 1:03CR98, 2010 WL 1492225, at *3 (E.D. Tenn. Apr. 14, 2010) (citing *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972)). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Id*.

Petitioner's motion does not address any specific instances of conduct that rise to the level of incompetence required to fulfill the first prong of *Strickland.* "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland* at 690. Only then can a court properly determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Additionally, the reviewing court must give deference to counsel's

7

decision-making, where "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Petitioner has failed to meet this high bar.

The only specific instance that Petitioner has come forth with is his assertion that his trial counsel's failure to object to the jury instructions amounted to ineffective assistance of counsel.  In a § 2255 motion, courts must review an alleged error in jury instructions under the harmless error standard. *California v. Roy*, 519 U.S. 2, 3 (1996). That standard is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). In *Roy*, the Supreme Court confirmed that alleged errors concerning jury instructions are to be evaluated as a "trial" error, thus falling under a deferential standard of harmless error.

Petitioner particularly takes issue with the jury instructions regarding Count 1 charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Petitioner contends that these instructions were "prejudicial because the court gave an instruction on constructive possession." (Motion at 16, Doc. No. 112.)

Here, even if there was an error on the part of the Court, it was a harmless error given that the jury, in addition to being instructed on constructive possession, was also instructed on actual possession, defined as "direct, physical control over the methamphetamine" (Jury Instructions at 31-32, Doc. No. 81.) The evidence at trial that was heard by the jury, was of *actual possession*, not constructive possession. Thus, to the

extent that the jury found Petitioner guilty under § 841(a)(1) because he "possessed" methamphetamines,  there is little doubt that the jury considered him to have "actually" possessed, or had direct physical control over the drugs. And so, regardless of whether the appellate court's constructive possession instruction for this offense impermissibly infected the jury's consideration of the offense, there is no error where the evidence conformed to an instruction on actual possession that the jury also received.

Since the record contains ample evidence of Petitioner's conduct to support a finding that he possessed methamphetamines under *any* definition, and since Petitioner has failed to demonstrate that the error influenced the jury's verdict—the instructional error did not have a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Furthermore, given that the Court of Appeals for the Sixth Circuit has already held that the trial judge properly instructed the jury and that the instructions were not erroneous—these allegations are impermissibly being relitigated in a § 2255 motion. *See Wright*, 182 F.3d at 467. Because the jury instructions were proper, Petitioner cannot prove that trial counsel's failure to object was an unreasonable error pursuant to the first prong of *Strickland. See Mason v. Davis*, No. 07-10851, 2009 WL 3271200, at *9 (E.D. Mich. Oct. 13, 2009).

Petitioner's motion also fails the second prong of the *Strickland* test. Petitioner is unable to establish that he suffered any prejudice as a result of counsel's performance—that but for counsel's actions, the judgment would have differed. Petitioner has only vaguely directed the Court to consider "various omissions by defense

counsel." Other than the previously litigated allegations that this Court is without jurisdiction to review, it is unclear from the motion *what* Petitioner's trial counsel's omissions are and *how* Petitioner has suffered prejudice as a result of these omissions.

Here, where the record is incomplete or unclear, courts "will presume that [counsel] did what he should have done, and that he exercised reasonable professional judgment" *Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999); *See also United States v. Adams*, 361 Fed. Appx. 664, (6th Cir. 2010) (holding that where the record was incomplete on a claim of ineffective counsel, there was no basis to make a finding in support of that claim).

In a final attempt to demonstrate counsel's failure, Petitioner argues that aside from counsel himself being ineffective, that counsel's strategy was constitutionally deficient and thus warrants the Court's review. Here, "[a] motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit." *Brannon*, 2010 WL 1492225, at *3 (citing *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959)). Without a showing of incompetence of counsel or any other exceptional circumstances, "a defendant will be bound by the decisions of his counsel; mistakes of judgment on the part of counsel. Mistakes of judgment on the part of counsel, or mistakes of tactics, strategy or policy in the course of the criminal trial do not constitute grounds for a later collateral attack pursuant to Section 2255." *U.S. v. Nolan*, 571 F.2d 528 (10th Cir. 1978) (citing *Frand v. United States*, 301 F.2d 102 (10th Cir. 1962)).

Since Petitioner has failed to establish a causal relationship between

counsel's actions and the judgment of the trial court as well as that of the appellate court that affirmed that judgment—he has not met his burden of proving that counsel was ineffective and is therefore not entitled to relief.

**B.     Intervening Change in Law Claim**

        In a supplement to his § 2255 motion (Motion for Miscellaneous Relief, Doc. No. 116), Defendant argues that his sentence for Count 3 of 60 months must be vacated due to his interpretation of the "except clause" of 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) provides in part that:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> **(i)** be sentenced to a term of imprisonment of not less than 5 years […].

        Here, Petitioner contends that the "except clause" would render his 60 month sentence void since there was a greater minimum sentence imposed by another provision of law, namely, 18 U.S.C. § 841(a)(1), by which Petitioner was sentenced to 151 months for possession with intent to distribute in violation of.

        To further support his contention, Petitioner claims that there has been an intervening change in law by the Sixth Circuit ruling in *Almany v. U.S.*, 598 F.3d 238 (6th Cir. 2010), holding that consecutive mandatory minimum sentences violated the firearm statute and that this warrants vacating his 60 month sentence for Count 3. Further, he urges that there were similar, contingent outcomes in two cases that were then before

11

the Supreme Court—*United States v. Abbott* and *United States v. Gould* —that questioned whether Congress' 1998 reformulation of § 941(c) rendered the defendants' sentences excessive.

Given that the Supreme Court did not rule favorably for the defendants in *Abbott v. United States*, 131 S.Ct. 18 (2010), and considering that that ruling abrogated *Almany*—Petitioner's sentence for Count 3 is appropriate. The Supreme Court ruled in *Abbott* that a defendant violating § 924(c) would be subject to the highest mandatory minimum sentence specified and would "not be spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction from that sentence for his conduct." *Abbott v. United States*, 131 S. Ct. 18, 23 (2010). Thus, Petitioner is not entitled to relief based on his interpretation of the "except clause" or an intervening change in law.

**Conclusion**

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence is **DENIED**. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c);

Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 15, 2011

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**